IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN HONGHONGJING TRADING CO. LTD.<br><br>                      Plaintiff,<br>     v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                      Defendants. | Civil Action No. 1:24-cv-03943<br><br>Honorable John Robert Blakey<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Shenzhen Honghongjing Trading Co., Ltd. ("Plaintiff") submits the following memorandum in support of his Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against Defendants Amorebelle Beauty, AMVIKS, Chen'choice, DaoYa, Efuture—US, iRealy Fashion, Jacrane, BCZ Shop, QiTai (take a clear-cut stand), Roseya, Sanzhou, SFXULIX, TianJinShiHongYeGangGuanYouXianGongSi (XU AN JINS MUS), VVABELLI Store, zhaolein369, and MaiDou Co. Ltd., (collectively, the "Defaulting Defendants"), based on Plaintiff's action for infringement of U.S. Design Patent No. D1,018,020 ("the D'020 Patent").

**I.      INTRODUCTION**

Plaintiff respectfully requests the Court to enter a default and a default judgment against Defaulting Defendants pursuant to Fed. R. Civ. P. 55, thereby granting Plaintiff a judgment for the affirmative relief sought. The Defaulting Defendants were properly served on April 22, 2024, by serving electronic copies of the Amended Complaint and summons via email pursuant to paragraph 6 of the Sealed Temporary Restraining Order. Despite effective electronic service, Defaulting Defendants have failed to timely plead, otherwise defend, or appear in this action.

Therefore, the Court must now enter a default and a default judgment against Defaulting Defendants, thereby granting Plaintiff a judgment including a permanent injunction and an award of profits.

**II.    STATEMENT OF FACTS**

Plaintiff is the owner of the D'020 Patent, a design patent that covers a distinctive cosmetic bag. Plaintiff is the sole owner of the D'020 Patent. The D'020 Patent design discloses the ornamental design for a cosmetic bag, as shown below:



**The '020 Patent, Figure 8.**

Plaintiff has established said products as the first to market and has an established reputation and quality reviews.

The Defaulting Defendants are a group of individuals and business entities who, upon information and belief, collectively reside within the Peoples Republic of China. The Defaulting Defendants have offered to sell and have actually sold infringing cosmetic bags to residents of

the forum state. As exemplified below, Defaulting Defendants' cosmetic bags (the "Infringing Products") infringe the patented design of the D'020 Patent:



*See e.g.* Plaintiff's Exhibit 1 attached to the Third Amended Complaint

As shown above, the Infringing Products are virtually identical to the patented design of the D'020 Patent. The design of the Infringing Products and the design of the D'020 Patent are so substantially similar that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the D'020 Patent. There is a great variety of cosmetic bag designs on the market, yet Defendants have willfully copied Plaintiff's exact design, evidencing Defaulting Defendants willfully infringed the patented design.

On September 17, 2024, the Court entered a Sealed Temporary Restraining Order, including a temporary injunction from making, using, selling, or offering for sell the Infringing Products, a temporary asset restraint, expedited discovery, and alternative service by email. Dkt. No 32.

On September 17, 2024, Plaintiff requested expedited discovery from Amazon, in accordance with the terms of the TRO. Amazon responded with such production, therein identifying Defaulting Defendant's email addresses, sales history, and restrained account information. Wolfgram Decl. at ¶ 3, attached hereto as Exhibit A.

On October 4, 2024, Plaintiff served electronic copies of the Summons, Complaint, and Temporary Restraining Order upon Defaulting Defendants via email in accordance with the terms of the TRO. Wolfgram Decl. at ¶ 4. The Defaulting Defendants' answers were thus due no later than October 21, 2024. This date has since passed without an answer or appearance from Defaulting Defendants. *Id*. at ¶ 5. As such, the Defendants named herein are in default.

On October 12, Pursuant to the Preliminary Injunction, Plaintiff served its First Set of Requests for Production, and Requests for Admission on Defaulting Defendants and received no substantive responses. Wolfgram Decl. at ¶ 6. By failing to respond to these requests, Defaulting Defendants therein failed to identify and produce documents regarding (1) revenue, costs, and profits, (2) every sales channel used, (3) every financial account used, and (4) the knowledge level of the patented design. *Id*. at ¶ 7.

Specifically, by failing to respond to the Requests for Admission, Defaulting Defendants therein admitted that the Patent-In-Suit is valid, that the Accused Products infringe the Patent-in-Suit, that profits from the sale of the is less than the amount restrained, that all defaulting defendants are controlled by a common entity, that revenue from selling infringing products for each defendants is at least $50,000, that profit for each defaulting defendant is at least $20,000, and that the restrained Amazon account balances are less than the profits. *Id.* at ¶ 8.

Therefore, pursuant to Fed. R. Civ. P. 55(a) and (b)(2), Plaintiff now moves for the Court to Enter a Default and a Default Judgment against the Defaulting Defendants named herein. Plaintiff further seeks entry of a Permanent Injunction prohibiting Defaulting Defendants from

selling Infringing Products.

### III. ARGUMENT

#### A. Jurisdiction and Venue are Proper in this Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Furthermore, this Court may properly exercise personal jurisdiction over Defaulting Defendants since each Defaulting Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A. *Id*. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive online stores through which Illinois residents can purchase products featuring Plaintiff's patented design. *Id*. Each Defaulting Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. *Id*. Each tortious act in Illinois is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *Id*.

#### A. The Law Regarding Default Judgments

Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment." *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 804 (S.D. Ind. 2018) (*citing McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, 2009 WL 3617740, *1 (S.D. Ind. 2009), *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)). "First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment." *NCAA*, 304 F. Supp. 3d at 805.

### B. The Entry of Default is Proper

Rule 55(a) of the Federal Rules of Civil Procedure governs the entry of default. Pursuant to Rule 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a)... refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Deckers Outdoor Corp. v. Doe*, No. 11 C 10, 2011 U.S. Dist. LEXIS 119448, at *6 (N.D. Ill. 2011) (*citing Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). Here, Defaulting Defendants have failed to timely answer or otherwise defend.

As noted above, Defaulting Defendants were properly served with process on April 22, 2024, pursuant to the Court's ordered alternative service by email. Wolfgram Decl. at ¶ 4. Under Fed. R. Civ. P. 12, a timely answer was due no later than May 13, 2024. This deadline has passed, and Defaulting Defendants, despite being properly served with process, have failed to file an answer, or otherwise appear in this action. Wolfgram Decl. at ¶ 5.

Upon information and belief, Defaulting Defendants are neither an infant, nor incompetent person requiring special service in accordance with Fed. R. Civ. P. 4(g), nor a member of the armed services of the United States entitled to the protection of 50 U.S.C. § 520. *Id.* at ¶ 10. Therefore, Plaintiff is entitled to an Entry of Default against the Defaulting Defendants named herein.

### A. The Entry of a Default Judgment is Proper

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. "A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448, at *6 (*citing United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). Once the Court determines that the Defendant is in default, the factual allegations of the Complaint are taken

6

as true and may not be challenged, and the Defendant is liable as a matter of law as to each cause of action alleged in the complaint." *Deckers*, 2011 U.S. Dist. LEXIS 119448 at *6 (*citing* Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). Here, the Defaulting Defendants have failed to timely file a responsive pleading, making the entry of a default judgment appropriate. *See* Fed. R. Civ. P. 55(b)(2). Furthermore, the Complaint alleges sufficient factual allegations to establish the necessary elements of a claim under 35 U.S.C § 271, and for willful patent infringement warranting treble damages under 35 U.S.C § 271. Thus, the infringement allegations of the Complaint must be taken as true.

The Complaint alleges that Defaulting Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in D'020 Patent. Plaintiff has not licensed nor authorized Defaulting Defendants to use the design claimed in the D'020 Patent, and none of the Defaulting Defendants are authorized retailers of Plaintiff's Products. In an effort to evade any patent enforcement efforts, Defaulting Defendants maintain off-shore bank accounts and regularly move funds from their Amazon accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

The Defaulting Defendants have willfully infringed the D'020 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. The Defaulting Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Therefore, Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Furthermore, Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defaulting Defendants' profits pursuant to 35 U.S.C. § 289.

Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284 for Defendants' willful infringement.

Since Defaulting Defendants have failed to timely answer or otherwise appear, the Court must accept the allegations alleged in the Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests the Entry of a Default Judgment with respect to Count I for Design Patent Infringement against Defaulting Defendants.

### A. Permanent Injunctive Relief is Warranted

Pursuant to 35 U.S.C. § 283, Plaintiff respectfully requests entry of a Permanent Injunction enjoining Defaulting Defendants from further infringing or otherwise violating Plaintiff's rights in the D'020 Patent, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Moreover, Plaintiff is entitled to permanent injunctive relief to effectively act against any new online stores identified as linked to Defaulting Defendants that are selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

### A. Plaintiff is Entitled to Recover Defaulting Defendants' Profits

Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to recover the total lost profits of the Defaulting Defendants from the sale of Infringing Products. "[W]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under § 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id*. The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. Here, the Defaulting Defendants have failed in both respects. Further, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 due to Defaulting Defendants' willful infringement, as it is immediately obvious the Accused Products are virtually identical to the patented design, which could not be a coincidence.

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See WMS Gaming, Inc. v. WPC Prods. Ltd*., 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); Chloe v. Queen Bee of Beverly Hills, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability Co., No. CV 12-7382 ODW (SHx), 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal.

Nov. 25, 2013), citing Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd., 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence… the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998). Defaulting Defendants have failed to produce any evidence as to revenue and failed to produce any evidence as to costs and profits. Wolfgram Decl. at ¶ 7. The only revenue evidence available has been provided by Amazon. *Id*. at ¶ 3.

In the case of a design for a single-component product, such as the D'020 Patented design, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products, *i.e.* the cosmetic bag, sold by Defaulting Defendants.

Since Defaulting Defendants failed to respond to various discovery requests, Plaintiff has virtually no information available regarding Defaulting Defendants' costs and profits from the sale of Infringing Products. Defaulting Defendants have similarly failed to produce any documents and information identifying total revenue from the sale of infringing products. Defaulting Defendants have also failed to produce or identify any other financial accounts used in conjunction with the Infringing Products or other products, or other Internet stores that they may be operating. The only evidence as to revenue is that information and data produced by Amazon. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd*., 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc*., 2017 U.S. Dist. LEXIS 192413, at * 7.

Specifically, by failing to respond to the Requests for Admission, Defaulting Defendants therein admitted that the Patent-In-Suit is valid, that the Accused Products infringe the Patent-in-Suit, that profits from the sale of the is less than the amount restrained, that all defaulting

10

defendants are controlled by a common entity, that revenue from selling infringing products for each defendants is at least $50,000, that profit for each defaulting defendant is at least $20,000, and that the restrained Amazon account balances are less than the profits. *Id.* at ¶ 8.

Therefore, Plaintiff is entitled to $317,517 in total damages. This amount represents the value of the combined restrained balances for Defendants Nos. 10, 14, 17, 21, 22, 24, or $20,850.62, a statutory damage of $250 for each of Defendant Nos. 3, 9, 16, 25, 28, 31, 34 or $1750.00, and $294,666.6 for Defendant No. 26 whose sales exceeded over $1.17 million based on Amazon's record. Defendant No. 26's profit is calculated based on 25% or it's total sales. The restrained balance for each of Defendants Nos. 3, 9, 16, 25, 28, 31, 34, 35 is less than the $250 statutory damage allowed under 35. U.S.C §289, therefore $250 statutory damage is requested for each of those defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court Enter a Default and a Default Judgment against Defaulting Defendants. Plaintiff further seeks entry of a Permanent Injunction prohibiting Defaulting Defendants from selling Infringing Products and an Order that, at a minimum, Defaulting Defendants' restrained financial accounts, a combined $687,857 to be awarded to Plaintiff as profits.

DATED: January 28, 2025

Respectfully submitted,

By: */s/ Pete Wolfgram*
Peter S. Wolfgram
Stratum Law LLC
2424 E. York St. Ste. 223
Philadelphia, PA 19125
pwolfgram@stratumlaw.com
*ATTORNEY FOR PLAINTIFF*